UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GEFFREY WAXMAN, Individually and         :   NOT FOR PUBLICATION
as Parent and Natural Guardian of        :
Richard Waxman, GAIL WAXMAN,             :   MEMORANDUM & ORDER
Individually and as Parent and           :
Natural Guardian of Richard Waxman,      :   01-CV-7445(CBA)
and RICHARD WAXMAN,                      :
                                         :
                Plaintiffs,              :
                                         :
        -against-                        :
                                         :
ROSLYN UNION FREE SCHOOL DISTRICT,       :
BOARD OF EDUCATION OF THE ROSLYN         :
UNION FREE SCHOOL DISTRICT, FRANK        :
TASSONE, MADALYN McGOVERN, JACK          :
PALMADESSO, ROBERT GRECO, ERIC           :
LOBELIA, and DONALD INGEGNO,             :
                                         :
                Defendants.              :
----------------------------------------X
AMON, UNITED STATES DISTRICT JUDGE:

BACKGROUND

Plaintiffs Geffrey and Gail Waxman, as parents and natural guardians of Richard Waxman, and Plaintiff Richard Waxman ("Richard") bring this action alleging inter alia violations of Richard's right to a free appropriate public education. On March 9, 2004, defendants made motion for summary judgment, which the Court granted in part and denied in part in an Order dated March 31, 2005. That Order left undecided one cause of action, brought pursuant to 42 U.S.C. § 1983 to enforce rights established by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. (1997), which the Court was unable to resolve in

1

view of plaintiffs' inadequate development of the legal and factual bases for this claim. Plaintiffs were granted leave to amplify the basis for their claim that temporary deficiencies in Richard's home instruction violated the guarantee to a free and appropriate public education provided by § 1412(a)(1)(A) of the IDEA. Plaintiffs timely filed papers in accordance with the Court's Order on April 21, 2005, and defendants responded on May 2, 2005. Familiarity with facts of the case is assumed for purposes of this Order.

DISCUSSION

Section 1412(a)(1)(A) of the IDEA provides that "[a] free appropriate public education is available to all children with disabilities . . . between the ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled from school." 20 U.S.C. § 1412(a)(1)(A). The "IDEA does not itself articulate any specific level of educational benefits that must be provided." <u>Walczak v. Florida Union Free School Dist.</u>, 142 F.3d 119, 130 (2d Cir. 1998). Indeed, the IDEA relies on state standards for the meaning of the term "free appropriate public education." <u>See</u> 20 U.S.C. § 1401(9) ("The term 'free appropriate public education' means special education and related services that . . . meet the standards of the State educational agency."). However, federal regulations require each

state to have a policy in place to give effect to § 1412(a)(1)(A) of the IDEA. See 34 C.F.R. § 300.121. Rights established by the IDEA can be enforced by way of an action brought pursuant to 42 U.S.C. § 1983. See Polera v. Board of Education of Newburgh Enlarged City School District, 288 F.3d 478, 483 n.5 (2d Cir. 2002).

New York state regulations provide that "[d]uring any period of suspension, a student with a disability shall be provided services to the extent required under the provisions of the Individuals with Disabilities Education Act . . . , 34 C.F.R. section 300.121 . . . and paragraph (e) of subdivision 3 of section 3214 of the Education Law." N.Y. Comp. Codes R. & Regs. tit. 8, § 201.10. The cited section of the New York Education Law requires that "[w]here a pupil has been suspended . . . and said pupil is of compulsory attendance age, immediate steps shall be taken for his or her attendance upon instruction elsewhere . . . ." N.Y. Education Law § 3214(3)(e) (McKinney 2003). "[T]he term 'immediately' does not mean 'instantaneously', but it does mean that the educators should act reasonably promptly, with due regard for the nature and circumstances of the particular case." Turner v. Kowalski, 49 A.D.2d 943, 944 (N.Y. App. Div. 1975). The Commissioner of Education has found that a delay of as little as four days is unreasonable within the meaning of the Education Law. See, e.g., Appeal of McMahon, Decision No. 13,976, at 12

(July 30, 1998); Appeal of Bridges, Decision No. 13,291, at 2 (Nov. 22, 1994). In a case where a student was suspended for a period of several months, the Commissioner found it unacceptable that tutoring did not begin until three weeks into the suspension and that full tutoring in all core subjects was not in place until the second month. See Appeal of Sandra L., Decision No. 13,841, at 1-2 (Oct. 10, 1997).

Plaintiffs contend that Richard's home instruction was "non-existent for a period of time and not provided in certain subjects at other times." (Pl.'s Letter of Apr. 21, 2005, at 3.) Specifically, plaintiffs claim that Richard received no home instruction following his initial suspensions from school, that home instruction did not begin until shortly before Christmas 2001, and that the District failed to supply tutors in certain subjects for at least one more month thereafter. (Id.) In addition, plaintiffs claim that during the four and a half years that Richard has been enjoined from regular school attendance, there have been times when he has not had any tutoring in a particular subject and that tutoring sessions routinely commenced after the beginning of the school year. (Id.) Most notably, plaintiffs claim that Richard was without a French tutor for three months of this academic year and without a Math tutor for three months of his eight grade year. (Id.)

In support of these allegations, plaintiffs cite a series of correspondence with school officials and defendants' counsel, as well as an interoffice memorandum to District officials and tutoring service records demonstrating the dates on which Richard's tutoring began for the 2003-2004 and 2004-2005 academic years. (See Pl.'s Ex. 65, as supplemented by Apr. 21, 2005 filing.) In addition, two decisions of the Commissioner of Education establish that Richard did not receive any home instruction during his two initial suspensions in the fall of 2000. The first of those suspensions lasted for two days, while the second lasted for five days. (See Pl.'s Ex. 63.) Although support in the record is lacking for some of plaintiffs' allegations,[1] the undisputed evidence does demonstrate that at times there were periods of days, weeks, or months in which Richard was not provided with tutors in some or all academic subjects.

Defendants raise two types of challenges to this evidence. First, defendants argue that the correspondence in question consists only of conclusory allegations by plaintiffs' attorney that are not based on any personal knowledge and therefore not

---

[1] Specifically, the record does not establish that Richard's home instruction did not begin until shortly before Christmas 2001, that the District failed to supply tutors in certain subjects for at least one more month thereafter, or that Richard was without a French tutor for three months during the current academic year.

5

admissible.  Even if the letters were per se inadmissible, presumably plaintiffs themselves could testify to the alleged deficiencies noted therein.  In addition, as stated, the record contains additional evidence including an interoffice memorandum, tutoring service records, and decisions of the Commissioner of Education, each detailing lapses in home instruction.  This evidence is clearly relevant and admissible, not to mention apparently undisputed.  Defendants' first challenge is therefore unavailing.

Second, defendants argue that the evidence in question does not establish failure on the part of the District to provide Richard with the minimum ten hours per week of instruction to which he is entitled under Roslyn Board of Education policy. This argument is belied by evidence demonstrating, for example, that neither of the tutoring services on record as having provided tutors for Richard during the 2003-2004 and 2004-2005 academic years provided any services during the first four school days of the 2003-2004 academic year or the first eight school days of the 2004-2005 academic year.  Tutoring in certain individual subjects did not begin for another week to ten days thereafter.  (See Pl.'s Ex. 65, as supplemented by Apr. 21, 2005 filing.)  Furthermore, correspondence from plaintiffs and their counsel indicates other periods of time in which tutoring services lapsed.  (See id.)  Notably, defendants have not

6

introduced any evidence to establish when and for what duration each day tutoring services were in fact provided.[2]  Accordingly, the record does not support defendants' claim that it is undisputed that Richard was in fact provided with the required ten hours of tutoring throughout the period at issue in this litigation.

Although the Court is sensitive to the difficulties implicit in providing adequate home instruction throughout a period of suspension as extensive as that in this case, the undisputed evidence of material lapses in Richard's home instruction precludes a finding that certain defendants are not liable as a matter of law under § 1412(a)(1)(A) of the IDEA.  Defendants' motion for summary judgment on this claim is therefore denied except with respect to the Roslyn Union Free School District.  As defendants note, the Court has already determined that the School District is not liable as a municipal defendant under 42 U.S.C. § 1983 in this case.[3]  (See Def.'s Letter of May 2, 2005, at 3.)  Plaintiffs' complaint appears to bring this claim against all defendants named in the case.  Although it occurs to the Court

---

[2] Indeed, for purposes of this motion, defendants accept plaintiffs' factual assertions concerning deficiencies in home instruction as true.  (Def.'s Letter of May 2, 2005, at 1.)

[3] Plaintiffs IDEA claim was brought pursuant to § 1983.  (See Pl.'s Mem. at i.)  Plaintiffs have not argued that the IDEA provides a private right of action against any defendant, individual or municipal.

7

that certain named individual defendants may not bear any responsibility for deficiencies in Richard's home instruction, defendants have not argued that any individual defendant is inappropriately implicated in this claim.  Accordingly, at this stage of the litigation, there is no basis provided for the Court to dismiss the claim as to any individual defendant, and the Court declines to do so <u>sua sponte</u>.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment on plaintiffs' IDEA claim concerning home instruction is granted with respect to the Roslyn Union Free School District and denied as to all other defendants.  The Clerk of the Court is directed to enter judgment in accordance with this Order.

SO ORDERED.

Dated:   Brooklyn, New York
         August 5, 2005

                                   Carol Bagley Amon
                                   United States District Judge